GLENN W. PETERSON, ESQ. (SBN 126173)
**MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone No: (916) 780-8222
Fax No: (916) 780-8775

Attorneys for Plaintiff
Farm and Trade, Inc.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FARM AND TRADE, INC. | Case No. |
| Plaintiff, | **COMPLAINT FOR LANHAM ACT VIOLATIONS AND RELATED CLAIMS** |
| vs. | |
| U.S. RICE PRODUCERS ASSOCIATION, INC., a Texas Corporation; DWIGHT ROBERTS; and DOES 1 through 25, inclusive, | JURY DEMAND |
| Defendants. | |

Plaintiff, Farm and Trade, Inc., hereby file this Complaint with Jury Demand against the above-named Defendants, and Does 1 through 25, inclusive, and complain and allege as follows:

## JURISDICTION AND VENUE

1.    This is an action for trademark infringement and false designation of origin/false advertising under the Lanham Act, 15 U.S.C. §1125, and pendent claims under state law. This Court has subject matter jurisdiction over the matters complained of under 28 U.S.C. §1331, §1338(a) and §1367. Additionally, diversity jurisdiction also exists pursuant to 28 U.S.C. § 1332(a)(1), since this action involves citizens of different states and Plaintiff's claims for relief herein exceed the sum or value of $75,000.

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a), (b) and (c), as one or more Defendants have committed acts of infringement and unfair competition in this judicial


MILLSTONE
PETERSON &
WATTS, LLP

PLAINTIFF'S COMPLAINT FOR LANHAM ACT VIOLATIONS AND RELATED CLAIMS

1   district, and a substantial part of the events or omissions giving rise to the claims occurred, or a

2   substantial part of property that is the subject of the action is situated in this district.

3        3.   Plaintiff further alleges on information and belief that the Defendants, acting in

4   collusion/conspiracy with one another and under the direction and/or control of Dwight Roberts,

5   make sales, solicit sales or engage in related business activities in Northern California, and serve its

6   markets with products or services that are likely to cause confusion, deception or mistake among

7   Plaintiff's clients or other relevant consumers located in this judicial district, or otherwise infringe

8   Plaintiff's rights as hereinafter alleged.

9                                **PARTIES**

10       4.   Plaintiff is a California corporation in good standing with principal business offices

11   located in Butte County, California.

12       5.   Upon information and belief, U.S. Rice Producers Association, Inc. ("USRPA") is a

13   Texas non-profit corporation with its principal business office in Houston, Texas.  Plaintiff further

14   alleges upon information and belief that Dwight Roberts ("Roberts") acts in close concert with other

15   business associations, form unknown, that are completely controlled by him and perhaps other

16   partners/accomplices (hereinafter "Defendants").  Plaintiff further alleges that USRPA and  Roberts

17   have committed the tortious acts (alleged below) which were expressly aimed at Plaintiff, a

18   California domiciliary, and that jurisdiction over them is further established by (1) their purposeful

19   activities or transactions with California, or residents thereof, by which they purposefully avail

20   themselves of the privilege of conducting activities in this forum; (2) the fact that the claims alleged

21   herein arise out of or relate to their forum-related activities; and (3) the fact that the exercise of

22   jurisdiction is reasonable, or comports with fair play and substantial justice.

23       6.   Defendants Does 1 through 25, inclusive, are sued under these fictitious names because

24   Plaintiff is presently ignorant of their true names and capacities.  Plaintiff will seek to amend this

25   Complaint to set forth their true names and capacities when ascertained.  Plaintiff is informed and

26   believes, and on that basis alleges that each of these fictitiously-named defendants is responsible in

27   some manner for the occurrences herein alleged in that Plaintiff's damages as herein alleged were

28   proximately caused by such defendants.  Allegations herein applicable to one or more named

PLAINTIFF'S COMPLAINT FOR LANHAM ACT VIOLATIONS AND RELATED CLAIMS

1  defendant or categorically "Defendants" are also applicable to and shall include Does 1 through 25,

2  inclusive, unless specifically averred otherwise.

3       7.    In doing the acts herein alleged, unless otherwise stated, each of the defendants,

4  including those fictitiously-named, acted as the alter ego, agent, representative or co-conspirator of

5  each of the others, and in so doing, was acting within the course and scope of such agency,

6  representation or conspiracy.  Alternatively, each of the defendants is vicariously liable for the other

7  defendants' misconduct herein alleged by ratification and acceptance of benefits from same.

8  **GENERAL ALLEGATIONS**

9       8.    Since 2007, Plaintiff has produced, organized, hosted, marketed a multi-national

10  industry conference under the name and mark *Rice Americas Conference*.  At all times since the first

11  conference, Plaintiff has been using "*Rice Americas Conference*" to denote its distinctive conference

12  offerings and related services, such that "*Rice Americas Conference*" has become publicly associated

13  exclusively with Plaintiff.  This conference and its denomination have become closely associated

14  with Plaintiff, such that Plaintiff has developed appreciable goodwill and industry-wide name

15  recognition, and thus established protectable common law trademark rights therein. Herein,

16  references to Plaintiff's "*Rice Americas Conference*" trademark shall be referred to as "Plaintiff's

17  Mark."

18       9.    Mindful of Plaintiff's trademark rights, and the valuable goodwill Plaintiff has earned

19  in Plaintiff's Mark, Defendants, commencing in approximately June of this year, began promoting a

20  conference under the name "Americas Rice Convention" and selected dates and locations virtually

21  identical to those previously announced by Plaintiff.  For example, after Plaintiff scheduled and

22  announced its 2012 conference venue for May in Miami, Defendants announced a conference less

23  than four weeks later in the same venue.

24       10.    Defendants have also promoted their conference by way of misleading and

25  intentionally deceptive statements including without limitation the following: (1) That USRPA was

26  the "founder" of *The Rice Americas* conference; (2) That USRPA was responsible for producing the

27  first *Rice Americas Conference*; (3) That USRPA is somehow affiliated with or synonymous with

28  Plaintiff.

3

PLAINTIFF'S COMPLAINT FOR LANHAM ACT VIOLATIONS AND RELATED CLAIMS

1    11.    Plaintiff further alleges on information and belief that the predatory intent of

2    Defendants has been acknowledged in various statements made by Roberts to third parties.

3    Statements to the effect that he intends to drive Plaintiff out of business and/or irreparably damage

4    Plaintiff's business.

5    12.    Already, Defendants have already succeeded in confusing relevant consumers of

6    Plaintiff's conference and related services, including on or more of USRPA's own board members,

7    who resides in California.    As noted by that board member, "only 6 letters of the alphabet

8    differentiate the 3-word titles of the two events."    Clearly, Defendant's choice of name for their

9    convention, when measured against the sight-sound-meaning test, is reasonably likely to cause

10    confusion, deception or mistake among relevant consumers, who would surely be mislead to believe

11    that Defendants' "convention" is owned by, sponsored by, or endorsed by Plaintiff when such is not

12    the case.

13    13.    Prior to filing this action, Plaintiff demanded in writing that Defendants (1) cease

14    immediately any representations claiming Plaintiff's identity or claiming an affiliation with Plaintiff;

15    (2) retract any past statements made to that effect; and (3) reconsider both the name and the venue of

16    their June 2012 convention.

17                            **FIRST CAUSE OF ACTION**
                 **(False Designation Of Origin, 15 U.S.C. § 1125(a)(1)(A))**
18

19    14.    By Defendants' continuing unauthorized use, claim of ownership, and/or offers for

20    sale under Plaintiff's Mark, and similar derivations thereof,  Defendants have used and will continue

21    to use a false designation of origin that is likely to cause confusion, mistake, or deception as to

22    affiliation, connection, or association of Defendants with Plaintiff and is also likely to cause

23    confusion as to the origin, sponsorship, or approval of Defendants' products, services or commercial

24    activities by Plaintiff, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25    15.    Because of Defendants' aforementioned conduct, Plaintiff has been irreparably

26    harmed in its business enterprises.  Moreover, Plaintiff will continue to suffer irreparable harm

27    unless Defendants are restrained from making false designations of origin, false descriptions, or

28    misrepresentations regarding the Defendants' products and/or services.

PLAINTIFF'S COMPLAINT FOR LANHAM ACT VIOLATIONS AND RELATED CLAIMS

1    16.    Since Defendants' continuing infringement is willful and intentional, Plaintiff is

2    entitled to recover the actual damages it has sustained, according to proof at trial, and is further

3    entitled to an award of enhanced damages for willful infringement, in addition to an award of costs

4    and attorneys fees pursuant to section 35(a) of the Lanham Act.  In addition, Plaintiff is entitled to

5    recover Defendants' profits and reasonable royalties as damages.

6                              **SECOND CAUSE OF ACTION**
                        **(False Advertising, 15 U.S.C. §1125(a)(1)(B))**
7

8    17.    Plaintiff hereby incorporates by this reference each and every allegation contained in

9    paragraphs 1 through 16 as if set forth fully herein.

10    18.    Plaintiff alleges on information and belief that Defendants have falsely stated and

11    advertised the source/origin of their products and services in a manner intended to pass off their

12    products/services as those of Plaintiff, or to otherwise benefit from deception or mistake among

13    consumers whereby consumers would identify Defendants' products as those manufactured, sold,

14    licensed, or otherwise endorsed by Plaintiff.

15    19.    By engaging in these activities, Defendants have engaged in false advertising under

16    15 U.S.C. §1125(a)(1)(B) and Defendants' conduct has created deception among consumers and

17    members of the general public as to nature, characteristics, or qualities of their products/services.

18    20.    Plaintiff has suffered actual damages as a result of Defendants' false statements in an

19    amount to be proven at trial.  Additionally, the harm to Plaintiff arising from Defendants' acts is not

20    fully compensable by money damages.  Plaintiff has suffered, and continues to suffer, irreparable

21    harm that has no adequate remedy at law and that will continue unless Defendants' conduct is

22    preliminarily and permanently enjoined.

23    21.    Defendants' conduct as described above was willful and intentional. As a result,

24    Plaintiff is further entitled to enhanced damages and an award of costs and attorneys fees under

25    section 35(a) of the Lanham Act.  In addition, Plaintiff is entitled to recover Defendants' profits and

26    reasonable royalties as damages.

27    / / /

28    / / /

PLAINTIFF'S COMPLAINT FOR LANHAM ACT VIOLATIONS AND RELATED CLAIMS

1

2

### THIRD CAUSE OF ACTION
**(Unfair Competition, False Advertising; Cal. Bus. & Prof. Code §§ 17200, et seq.)**

3       22.     Plaintiff hereby incorporates by this reference each and every allegation contained in

4   paragraphs 1 through 16 as if set forth fully herein.

5       23.     Defendants' aforementioned conduct is a further violation of California law, namely,

6   California Business and Professions Code section 17500, which provides:

7

8       **17500.**  It is unlawful for any person, firm, corporation or association, or any
        employee thereof with intent directly or indirectly to dispose of real or personal
9       property or to perform services, professional or otherwise, or anything of any
        nature whatsoever or to induce the public to enter into any obligation relating
10      thereto, to make or disseminate or cause to be made or disseminated before the
        public in this state, or to make or disseminate or cause to be made or disseminated
11      from this state before the public in any state, in any newspaper or other
        publication, or any advertising device, or by public outcry or proclamation, or in
12      any other manner or means whatever, including over the Internet, any statement,
        concerning that real or personal property or those services, professional or
13      otherwise, or concerning any circumstance or matter of fact connected with the
        proposed performance or disposition thereof, which is untrue or misleading,
14      and which is known, or which by the exercise of reasonable care should be
        known, to be untrue or misleading, or for any person, firm, or corporation to so
15      make or disseminate or cause to be so made or disseminated any such statement
        as part of a plan or scheme with the intent not to sell that personal property or
16      those services, professional or otherwise, so advertised at the price stated therein,
        or as so advertised.  Any violation of the provisions of this section is a
17      misdemeanor punishable by imprisonment in the county jail not exceeding six
        months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or
18      by both that imprisonment and fine.

19      24.     By engaging in the foregoing activities, Defendants have engaged in unfair

20  competition as defined by California Bus. & Prof. Code §§17200, et seq. and Defendants' wrongful

21  use of Plaintiff's Mark and violation of the aforementioned laws and regulations represents unfair,

22  deceptive, and misleading advertising in violation of California Bus. & Prof. Code §§17500, et seq.

23      25.     Plaintiff further alleges on information and belief that Defendants have utilized

24  deceptive and unfair practices to compete with Plaintiff, including solicitation of Plaintiff's

25  employees for the purpose of acquiring proprietary and confidential information from said

26  employees.  Plaintiff alleges upon information and belief that Defendants are in possession of

27  proprietary and confidential information that Defendants know or should know was obtained or

28  removed from Plaintiff illegally.

6

PLAINTIFF'S COMPLAINT FOR LANHAM ACT VIOLATIONS AND RELATED CLAIMS

1     26.     Plaintiff has suffered actual injury, including loss of revenue and good will, as a result

2 of Defendants' unfair business practices and acts of unfair competition.  Plaintiff has suffered, and

3 continues to suffer, irreparable harm that has no adequate remedy at law and that will continue

4 unless Defendants' conduct is preliminarily and permanently enjoined.

5     **WHEREFORE**, Plaintiff prays judgment as follows:

6     a.     That the Court enter judgment that Defendants have falsely designated an origin,

7     affiliation or sponsorship by or with Plaintiff's trademarks and trade dress under

8     the Lanham Act, 15 U.S.C. §1125(c);

9     b.     That the Court enter judgment that Defendants have competed unfairly pursuant

10     to the Lanham Act, 15 U.S.C. §1125(a), and the common law, and be

11     permanently enjoined from continuing such conduct;

12     c.     That the Court enter judgment that Defendants have competed unfairly under

13     Cal. Bus. & Prof. Code §§17200, et seq. and advertised falsely under §§ 17500,

14     et seq., and be permanently enjoined from continuing such conduct and required

15     to return to Plaintiff all property they received from Plaintiff by way of its

16     former employees;

17     d.     That the Court preliminarily and permanently enjoin Defendants from using the

18     Plaintiff's trademarks, designations of origin, and any other mark, dress, word,

19     term, name, symbol, or device that is confusingly similar to the Plaintiff's

20     trademarks or trade dress;

21     e.     That Defendants be ordered to pay damages to Plaintiff as a result of Defendants'

22     unlawful acts complained of herein, including without limitation reasonable

23     royalties, in an amount to be determined by this Court, and that said damages be

24     trebled insofar as Defendants' unlawful acts constitute willful infringement;

25     f.     That Defendants be ordered to account for and pay over to Plaintiff all profits

26     realized by Defendants from the unlawful acts complained of herein;

27     g.     That Defendants be ordered to pay Plaintiff's attorneys' fees and costs for this

28     action pursuant to the Lanham Act;

PLAINTIFF'S COMPLAINT FOR LANHAM ACT VIOLATIONS AND RELATED CLAIMS

1        h.      That Defendants be required to pay prejudgment and post-judgment interest until

2                such awards are paid; and

3        i.      That Plaintiff be granted such other and further relief as shall seem just and

4                proper to the Court.

5        **DEMAND FOR JURY**: Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby

6    demands a jury trial on all claims and issues so triable.

7

8    DATED:  August 29, 2011                  **MILLSTONE PETERSON & WATTS, LLP**

9                             *Attorneys at Law*

10

                        By:_____/s/GLENN W. PETERSON_____

11                                GLENN W. PETERSON

12                         Attorneys for Plaintiff

                     Farm and Trade, Inc.

13

14        I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

15

16    **MILLSTONE PETERSON & WATTS, LLP**
*Attorneys at Law*    /s/ Glenn W. Peterson

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT FOR LANHAM ACT VIOLATIONS AND RELATED CLAIMS